# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| ALEXIS PEREZ SANTA CRUZ,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and COMENITY BANK,<br>　　　　　　　　Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Alexis c ("Plaintiff") brings this action against defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Comenity Bank ("Comenity") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendants Experian and Comenity have been reporting inaccurate payment status information about Plaintiff's Comenity Bank account. Specifically, although the account was closed with a $0 balance, Experian and Comenity continued to report that the current payment status of the account was 180 days late.

2. Defendant Equifax has also been reporting inaccurate account balance and amount past due information on Plaintiff's Amex/DSNB and Synchrony accounts.

3. Although Plaintiff disputed the reporting in writing, Defendants failed to correct the reporting.

4. Plaintiff later was denied an extension of credit based on the misleading information reported by Defendants, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## PARTIES

5. Plaintiff resides in Lehigh Acres, Florida and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

6. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of Florida, and may be served with process upon Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, Florida, 32301. Defendant Equifax is a subsidiary of Equifax, Inc. Defendant Equifax qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f) and by contractual agreement disbursed consumer background reports for remuneration to third parties.

7. Defendant Experian Information Solutions, Inc. is a consumer reporting agency that regularly conducts business in this judicial district. Experian has a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation, its registered agent for service of process at 1200 South Pine Island Road, Plantation, Florida 33324. Experian qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

8. Defendant Comenity is a foreign corporation that regularly conducts business in this District. Comenity qualifies as a "furnisher" of credit information under the FCRA. Comenity

qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and maintains its headquarters at 1 Righter Parkway, # 100, Wilmington, DE 19803.

## JURISDICTION AND VENUE

9. The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s-2(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

11. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

12. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

13. Credit bureaus must immediately notify furnishers if a consumer disputes the accuracy of information reported by that furnisher. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

14. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendants Willfully Violated the FCRA and Harmed Plaintiff**

15. Experian and Comenity have been reporting inaccurate payment status information about Plaintiff's Comenity Bank account.

16. Specifically, although the account was closed and had a $0 balance, Defendants Experian and Comenity reported that the current payment status of the account was 180 days past due.

17. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments when that was not the case.

18. On June 30, 2020, Plaintiff disputed the reporting by submitting a written dispute through Experian's FCRA compliance department.

19. Experian, in turn and as required by federal statute, notified Comenity Bank of Plaintiff's dispute.

20. The receipt of the dispute triggered Defendants Experian and Comenity's obligation to conduct an investigation, mark the account as disputed and correct the misleading reporting.

21. Defendants Experian and Comenity, however, failed to conduct an investigation, failed to mark the account as disputed and failed to correct the misleading reporting.

22. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Experian report, which included the misleading delinquency on the Comenity Bank account.

23. Equifax has also been reporting inaccurate account balance and amount past due information on Plaintiff's Amex/DSNB and Synchrony accounts.

24. On June 30, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Equifax's FCRA compliance division.

25. The receipt of Plaintiff's dispute letter triggered Equifax's obligations to conduct an investigation, mark the accounts as disputed, and update the reporting as necessary.

26. Equifax, however, failed to conduct an investigation, mark the accounts as disputed and update the reporting as necessary.

27. Plaintiff was later denied an extension of credit based on information contained in her Equifax report.

28. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

29. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

**Against Experian and Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

30. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

31. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.
>
> 15 U.S.C. §1681e(b) (emphasis added).

32.  Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added)

33.  Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
>
> *Id.* §1681i(a)(2) (emphasis added).

34.  Experian and Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

35.  Although Plaintiff disputed the inaccurate information in writing, Experian and Equifax willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

36.  Experian and Equifax's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

6

37. As a result of Experian and Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against Comenity Bank for Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

38. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

39. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) conduct an investigation with respect to disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…
>
> 15 U.S.C. § 1681s-2(b) (emphasis added).

40. Defendant Comenity Bank failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

41. Defendant Comenity Bank willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to Experian.

42. Instead of removing the inaccurate information, Defendant Comenity Bank improperly verified that the reporting was accurate.

43. As a result of Defendant Comenity Bank's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress

44. Defendant Comenity Bank's conduct was a direct and proximate cause of Plaintiff's damages.

45. As a result of Defendant Comenity Bank's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 5, 2020             **COHEN & MIZRAHI LLP**
                                   **YOSEF STEINMETZ**
                                   Florida Bar No. 119968


                                   _/s/ Yosef Steinmetz_
                                   YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor  
Brooklyn, NY  11201  
Telephone:  929/575-4175  
929/575-4195 (fax)  
yosef@cml.legal

*Attorneys for Plaintiff*